## J. D. BRYAN v. S. W. MOORE.

CONFLICTING EVIDENCE — *Review.* In an action for a balance alleged
to be due upon a sale of goods, where the case is referred for trial to
a referee, and the evidence introduced on the trial is conflicting, but
there is sufficient evidence to sustain all the findings of the referee,
and the report of the referee is confirmed by the court, and judgment
is rendered accordingly, and no material error is shown, *held*, that
the judgment of the court below will be affirmed.

### *Error from Miami District Court.*

ACTION by *Moore* against *Bryan*, to recover for goods sold.
Judgment for plaintiff, at the February term, 1889. The
defendant brings the case to this court. The facts appear in
the opinion.

*W. B. Brayman*, for plaintiff in error.
*Jno. C. Sheridan*, for defendant in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action brought in the district
court of Miami county, on April 28, 1888, by S. W. Moore
against J. D. Bryan, to recover $1,101.29, an alleged balance
claimed to be due for a stock of goods composed principally
of drugs and medicines, sold by Moore to Bryan on Novem-
ber 20, 1885. The defendant answered, alleging that he had
paid to the plaintiff and for him to others, and would have to
pay for him to still others, certain claims for which he (the
defendant) was liable, the aggregate sum of $3,211.37, an
amount in excess of the value of the stock of goods $729.15,
for which amount the defendant asked judgment. The de-
fendant also attached to his answer a copy of an agreement
between himself and Moore relative to the purchase of the
stock of goods and the mode of determining their value as
between themselves, which agreement reads as follows:

"LOUISBURG, KAS., November 20, 1885.
"Substance of agreement between S. W. Moore and J. D.
Bryan. Moore to sell outright his entire stock of goods, fix-

tures, etc., including the business and all the appurtenances thereto.    To invoice as follows: Notions, toilet articles, etc., at 50 cents on the dollar of cost price.    Albums and really salable books, 75 cents on the dollar of cost price.    All staple articles at cost, less 10 per cent. off for damage.    All these goods to be in reasonably good condition.    Fixtures to be invoiced at 50 cents on the dollar of the cost price.    All unsalable articles to go in free.    Badly damaged at 20 to 50 cents on the dollar.

"Bryan to pay all the debts he is indorser for in full, and to pay the others so far as the overplus will go, according to the best arrangements that can be made, so as to settle them if possible.                                    J. D. BRYAN.
                                                  S. W. MOORE."

The plaintiff replied to this answer, admitting the aforesaid agreement, but claiming that after its execution the parties wholly abandoned it, and in invoicing the goods agreed upon the price and value separately of each and every article included in the stock sold by the plaintiff to the defendant. The case was referred to George Kingsley as referee, who tried the case and made a report, which, omitting title and signature, reads as follows:

"The undersigned, George Kingsley, heretofore appointed referee in this action by the above-named court, at its October term, 1888, a copy of which appointment, duly certified by the clerk of said court, with the qualifications of said referee, is hereto attached, now hereby submits his report of the matters referred to his hearing and decision:

"The said parties, plaintiff and defendant, with their attorneys and witnesses, met at the office of said referee, in Paola, Kas., on the morning of December 18, 1888, and proceeded with the examination of the witnesses, and concluded the taking of the testimony on the evening of December 21, 1888. The arguments of counsel were heard on December 31, 1888. On consideration of the evidence and arguments of counsel, I find that on the 20th day of November, 1885, the stock of goods in question, with the fixtures, including the business and all the appurtenances, were sold by the plaintiff to the defendant; that on the same day a written contract of sale was entered into; that by the terms of the sale an invoice was to be made of said stock and fixtures, and the basis of valuation

was agreed upon in said contract. I further find that the parties at the time of the making of the said invoice mutually abandoned the specifications of the contract as a mode of estimating prices in the invoice, and that the prices of articles were fixed upon as the invoice was proceeded with, without reference to the contract. I find that, in the taking of the invoice, there was a reduction made from the wholesale prices on goods that by the terms of the contract were to be invoiced, ranging from 5 and 10 to 25 per cent., and that said goods and fixtures invoiced at the total sum of $3,766.97. I further find that the said invoice was taken mostly under the control and influence of the plaintiff, and that the invoice was too high, and was not assented to by defendant. I find that at the date of the sale, November 20, 1885, the said stock of goods, fixtures, etc., were worth the sum of $3,390.28. I further find that, of this amount, the said defendant has paid the plaintiff the sum of $3,208.60, leaving a balance still unpaid of $181.68. I, therefore, find for the plaintiff, and that he is entitled to a judgment against the defendant, after all offsets and payments are allowed, of the said sum of $181.68, and interest on the same from the 20th day of November, 1885, at the rate of 7 per cent. per annum, and his costs of suit."

This report did not satisfy either party. The plaintiff wanted a judgment for a larger amount than that recommended by the referee, to wit, the difference between the invoice price of the goods and the amount paid by the defendant, to wit, $558.37, and interest, and the defendant moved to set aside the report of the referee, and for a new trial; but the court below overruled all the motions of both parties, and confirmed the report of the referee, and rendered judgment accordingly, the judgment amounting, principal and interest, to $224.33 and costs, in favor of the plaintiff and against the defendant; and the defendant, as plaintiff in error, brought the case to this court for review; and the plaintiff below, who is now the defendant in error, filed a cross-petition in error, asking that the judgment of the court below be modified by increasing the amount thereof to at least $558.37, with interest from November 20, 1885.

In all probability both parties had full knowledge of the values of such goods as were sold by the plaintiff below to

the defendant below.   Bryan was a physician, and had been
a druggist and pharmacist for many years.   He had been a
partner of Moore in this same business at the same place for
several years, when finally he sold out his interest in the
business to Moore; and afterward, and on November 20,
1885, Moore sold back the entire business to Bryan.   Some
of the very articles which had belonged to Bryan and Moore
as partners were retransferred back by Moore to Bryan.   The
evidence upon the disputed points was conflicting, but we are
inclined to think that there was sufficient evidence to support
all the findings of the referee.   Unquestionably there was
sufficient evidence to support the finding that the contract
between Moore and Bryan was abandoned at the time of
making the invoice.   It seems that the contract when exe-
cuted was delivered to Bryan; that he put it away in his
safe, and that it was never afterward seen or heard of until
after this suit was commenced.   It is possible, also, that
there was sufficient evidence to have sustained a finding, if
the referee had made the same, that the contract was not
abandoned; but evidently upon this point the finding of the
referee is in accordance with the great weight of the testi-
mony.   We think there was also sufficient evidence to sup-
port a finding, if it had been made by the referee, that the
parties, at the time of making the invoice, agreed upon the
prices of all the articles contained in the inventory.   It would
almost seem that the preponderance of the evidence was that
way; but still there is sufficient evidence to sustain the find-
ing of the referee as made.   There is also ample evidence to
support a finding, if it had been made, that the goods were
worth their full invoice price, to wit, $3,766.97, or even
more; and there is also sufficient evidence to sustain a find-
ing that the goods were not worth more than $3,000.   We
also think that there is sufficient evidence to sustain the find-
ing of the referee as made, that they were worth just $3,-
390.28.

   There being evidence, then, to sustain all the findings of
the referee, are such findings themselves sufficiently consistent

with each other to authorize the judgment rendered upon them by the court below? We construe the findings to mean, among other things, ·substantially this: That the original contract as to the mode of estimating prices was wholly abandoned; that the prices placed in the inventory were all agreed to by the plaintiff, but not by the defendant; that he at all times intended that the prices of the articles inventoried should continue to be open for further consideration, negotiation, and settlement, and never did intend that they should be final, and did not agree to them. In this manner we think the findings of the referee may be harmonized, and when so harmonized they will support and sustain the judgment rendered upon them by the court below. This judgment we would think does full justice to the plaintiff in error, defendant below; but we are not so clear that it does full justice to the defendant in error, plaintiff below. However, as the findings of the referee are sustained by sufficient evidence, and as the court below has approved them, we do not feel warranted in setting either them or the judgment aside, or in modifying the judgment. It will therefore be affirmed.

All the Justices concurring.